IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY M. HOAK,<br><br>Plaintiff,<br><br>vs.<br><br>I.D.O.C. WARDEN SMITH, I.C.C. WARDEN VALDEZ, 1-13 DOES,<br><br>Defendants. | Case No. 1:08-CV-00402-BLW (Lead case)<br><br>**ORDER**<br><br>1:08-CV-00530-BLW (Member case-Romero v. CCA)<br>1:09-CV-00001-BLW (Member case-Gilbert v. Hardison)<br>1:09-CV-00010-BLW (Member case-Riggs v. Rodriguez)<br>1:08-CV-00487-BLW (Member case-Arthur Hoak v. Valdez)<br>1:09-CV-00127-BLW (Member case-Meeks v. Valdez)<br>1:09-CV-00122-BLW (Member case-Hayes v. Valdez) |

Pending before the Court are several motions filed by the parties. In addition, the Court has reviewed the orders of the Magistrate Judges consolidating new cases with this action, and has reviewed the case to determine how to handle it in a judicially efficient manner. Accordingly, the Court enters the following Order.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED all parties are notified that two additional cases, 1:09-CV00122-BLW (*Hayes v. Valdez*) and 1:09-CV-00127-BLW (*Meeks v. Valdez*), have been consolidated under lead case number 1:08-CV-00402-BLW

ORDER 1

*Hoak v. Valdez*.  Any further filing in these two cases shall be filed only under the lead case number.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion to Reconsider (Docket No. 21) is granted, permitting Defendants to file a motion to dismiss for failure to exhaust administrative remedies, so that the issue of exhaustion can be resolved prior to appointment of counsel and pre-answer mediation.  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).  The Court notes that the magistrate judges who consolidated several recent cases also suggested that a time period be permitted for exhaustion motions prior to mediation.  Because this is a matter bearing on case management and judicial efficiency, the Court will not await responses to the motion from Plaintiffs.  Defendants shall file a Motion for Dismissal within ten (10) business days after entry of this order.  Plaintiffs shall each file a pro se response to the motion or portion of the motion that pertains to their case within thirty (30) calendar days after receipt of the motion, and Defendants may file a reply within ten (10) business days after the response has been filed.  If Plaintiffs believe they exhausted their remedies or have adequate excuse for failing to do so, they shall clearly specify the facts supporting their arguments in an affidavit, and they shall include supporting documents as exhibits, if any exist.  Appointment of counsel and preanswer mediation will go forward on only those cases where Plaintiffs can show that exhaustion occurred prior to the filing of the complaint.  Counsel will not be appointed for the purpose of showing exhaustion.

ORDER 2

IT IS FURTHER HEREBY ORDERED that Plaintiff Larry M. Hoak's Motion to Supplement the Complaint (Docket No. 17) is MOOT, having been withdrawn by Plaintiff.

IT IS FURTHER HEREBY ORDERED that, to keep the case narrowly focused on Eighth Amendment failure-to-protect prison violence claims and to prevent delay of Plaintiffs' other unrelated claims, the Court will require each Plaintiff who has other types of claims in their current complaints, such as medical claims, to submit a new pro se complaint, containing only their medical claims and any claims other than failure-to-protect claims, to the Clerk of Court and reference this Order requiring the claims to be severed from the consolidated case number 1:08-CV-00402-BLW, and the Clerk of Court shall open each complaint in a new case with a new case number.  The Court will then issue an Initial Review Order on each new complaint notifying each Plaintiff whether he can proceed on the claims.  For example, Plaintiff Marlin Riggs and Plaintiff Michael Hayes's complaints contain medical claims that must be severed, and Plaintiff Hoak has indicated by letter that he has a "medical issue."  No additional filing fee shall be charged for the new complaints so long as the allegations were asserted in the Plaintiffs' original complaints.  If Plaintiffs have not exhausted their administrative remedies on the medical and unrelated claims, they may wish to file a notice of voluntary dismissal of those claims rather than a complaint.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court shall re-open this case.

ORDER 3



DATED: **June 1, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

ORDER 4